UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CANDITA POTTS )<br>    Plaintiff, )<br> )<br>Vs. )<br> )<br>THE RITZ-CARLTON HOTEL COMPANY LLC )<br>    Defendant. ) | CIVIL ACTION NO: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**PARTIES**

1. The Plaintiff, Candita Potts is an adult citizen, whose primary residence is in Torrance, California.

2. The Defendant, Ritz-Carlton Hotel Company LLC, hereinafter "Ritz-Carlton" is a foreign Limited Liability Company with a place of business at 7750 Wisconsin Avenue, Bethesda, Maryland, registered to transact business in Massachusetts with a resident agent at CT Corporation Systems, 135 Federal Street, Boston, Massachusetts.

**JURISDICTION AND VENUE**

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 since the amount in controversy exceeds $75,000 and is between citizens of the United States and citizens or subjects of a foreign state.

4. Venue in this District is proper pursuant to 28 U.S.C. § 1391 (b)(3) because the Ritz-Carlton transacts business in Massachusetts and is therefore subject to personal jurisdiction in Massachusetts.

**FACTS**

5. On or about July 22, 2022, the Plaintiff, Candita Potts, was a guest at the Ritz-Carlton hotel in Grace Bay, Turks & Caicos.

6. On said date, the Plaintiff ordered breakfast ("room service") in her hotel room.

7.      Plaintiff's hotel room contained a dining table on which agents and employees served the breakfast which was ordered through room service.

8.      Following the delivery and placement of the breakfast on the dining table upon which the breakfast was served, suddenly and without warning the dining table collapsed.

9.      As a result of the dining table collapse, the Plaintiff suffered serious injuries to her left leg.

10.     At all times material to the within complaint the Defendant had possession and control of the aforesaid premises; and further had the duty to maintain said dining table through their agents and employees.

11.     It was the duty of the aforesaid Defendant to use ordinary care and caution to keep and maintain said dining table in a condition reasonably safe for its intended uses and free from all defects and hazardous conditions which would render it dangerous and unsafe for Plaintiff and other guests.

12.     It was the duty of the aforesaid Defendant to exercise reasonable care and to properly inspect and maintain aforesaid dining table in a condition reasonably safe for Plaintiff and free from defects and conditions rendering it unsafe.

13.     The Defendant, as an innkeeper, owed to the Plaintiff a heightened standard of care and is therefore, strictly liable to the Plaintiff.

14.     It was reasonably foreseeable that Plaintiff would use the dining table, especially since the Plaintiff ordered room service and agents and employees of the Defendant placed the breakfast on the dining table.

15.     The resulting injuries of the Plaintiff were caused by the negligence and breach of duty of the aforesaid Defendant, who failed to exercise reasonable care in the control and maintenance of said dining table.

16.     The aforesaid acts of negligence and breach of duty on the part of the Defendant were the proximate cause of the injuries sustained by Plaintiff.

17.     As a direct result of this incident, Plaintiff, has been forced to incur substantial medical expenses, has suffered severe physical pain and mental anguish, has suffered permanent injury and has been hindered in the future from attending to her business and personal affairs.

## COUNT I
## NEGLIGENCE

18.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 17 of the complaint as if set out in full.

19.     As a direct and proximate result of the conduct heretofore described, the Plaintiff sustained injuries and damages causally related to the negligence of the Defendant.

**WHEREFORE,** the Plaintiff Candita Potts demands judgment against the Defendant Ritz-Carlton Hotel Company LLC in an amount that the Court would deem just and reasonable, plus costs, interest, and other such relief as this Court deems appropriate.

## COUNT II
## NEGLIGENCE: FAILURE TO WARN

20.     The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 19 of the complaint as if set out in full.

21.     At all relevant times, the Defendant owed the Plaintiff a duty to warn of the dangerous and defective condition of the dining table.

22.     The Defendant was negligent in that it breached their duty by failing to warn the Plaintiff of the dangerous and defective conditions of the dining table.

23.     As a direct and proximate result of the conduct heretofore described, the Plaintiff sustained injuries and damages causally related to the negligence of the Defendant.

**WHEREFORE,** the Plaintiff Candita Potts demands judgment against the Defendant, Ritz-Carlton Hotel Company LLC, in an amount that the Court would deem just and reasonable, plus costs, interest, and other such relief as this Court deems appropriate.

## COUNT III
## STRICT LIABILITY

24. The Plaintiff incorporates by reference the allegations set forth in paragraphs 1 through 23 of the complaint as if set out in full.

25. At all relevant times the Defendant, as an in-keeper had a heightened duty of care to make certain that the hotel room and its contents rented to the Plaintiff was free from defects.

26. The Defendant breached its heightened duty of care with regard to the dining room table in Plaintiff's hotel room.

27. As a result of Defendant's breach of the duty of care, the Defendant is strictly liable for the injuries sustained to the Plaintiff.

**WHEREFORE,** the Plaintiff, Candita Potts demands judgment against the Defendant, Ritz-Carlton Hotel Company LLC, in an amount that the Court would deem just and reasonable, plus costs, interest, and other such relief as this Court deems appropriate.

**Plaintiff demands a Jury Trial on all applicable counts.**

Respectfully submitted,
Plaintiff
By Her Attorneys,

Dated:  May 7, 2024

*/s/ Louis J. Muggeo*
Louis J. Muggeo, Esq. (BBO #359220)
Jared J. Muggeo, Esq. (BBO #699190)
LOUIS J. MUGGEO & ASSOCIATES
133 Washington Street
Salem, MA  01970
(978) 741-1177
lmuggeo@ljmassoc.com
jared@ljmassoc.com