United States District Court
District of Massachusetts

|  |  |
|---|---|
| CANDITA POTTS, | ) |
|  | ) |
| Plaintiff, | ) |
|  | ) |
| v. | ) Civil Action No. |
|  | ) 24—11214-NMG |
|  | ) |
| THE RITZ-CARLTON HOTEL COMPANY, | ) |
| LLC | ) |
| Defendant. | ) |
|  | ) |

MEMORANDUM & ORDER

GORTON, J.

Pending before the Court is defendant's motion to dismiss
for lack of personal jurisdiction (Docket No. 10), pursuant to
Fed. R. Civ. P. 12(b)(2). This Court has determined that it
cannot, however, rule on the merits of that motion because it
lacks subject matter jurisdiction and must therefore dismiss the
action. See McCulloch v. Velez, 364 F.3d 1, 5 (1st Cir. 2004).

Federal courts are courts of limited jurisdiction and are
therefore required to confirm they have has subject matter
jurisdiction prior to considering the merits of any underlying
controversy. See Woo v. Spackman, 988 F.3d 47, 53 (1st Cir.
2021); Sinapi v. Rhode Island Bd. of Bar Examiners, 910 F.3d
544, 549 (1st Cir. 2018). Plaintiff bears the burden of proving

-1-

subject matter jurisdiction, which must be apparent from the face of the complaint. See Aversa v. United States, 99 F.3d 1200, 1209 (1st Cir. 1996); Viqueira v. First Bank, 140 F.3d 12, 18 (1st Cir. 1998).

Plaintiff does not satisfy her burden here. The complaint asserts that this Court is sitting in diversity, which requires 1) complete diversity of citizenship between the parties and 2) an amount in controversy exceeding $75,000. 28 U.S.C. § 1332.

The complaint fails to allege sufficiently the domicile of defendant the Ritz-Carlton Hotel Company, LLC ("the Ritz-Carlton" or "defendant"). Defendant is a limited liability company ("LLC"), the domicile of which is determined by the domiciles of the individual members of the LLC. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006). Plaintiff fails to identify the members of the LLC much less their respective domiciles. Instead, she mistakenly treats defendant as a corporation, identifying a state of incorporation and principal place of business which are not germane in this instance.

This Court afforded plaintiff an opportunity to correct the error by directing the parties to file a joint submission identifying the LLC members and their domiciles. The parties timely filed their joint submission (Docket No. 24), but

-2-

plaintiff inexplicably declined to update her assertion of
jurisdiction.  She instead alleges only that defendant's
principal place of business and state of incorporation are
sufficient to establish its domicile.

Although defendant attempts to provide the necessary
identifying information, it does not fully describe the members
of its LLC nor is it responsible for stating a claim.

The Court will therefore dismiss this case because

> the facts [suggested] in the plaintiff's complaint, taken
> at face value, fail to bring the case within the court's
> subject-matter jurisdiction.

Gordo-Gonzalez v. United States, 873 F.3d 32, 35 (1st Cir.
2017).

## ORDER

For the reasons set forth above, the case is **DISMISSED**
without prejudice to plaintiff filing an amended complaint that
accurately identifies the defendant and its domicile and
establishes the subject matter jurisdiction of this Court.


**So ordered.**

_Nathaniel M. Gorton_
Nathaniel M. Gorton
United States District Judge


Dated:  March 31, 2025