United States District Court
District of Massachusetts

| | |
|---|---|
| CANDITA POTTS,<br><br>      Plaintiff,<br><br>      v.<br><br>THE RITZ-CARLTON HOTEL COMPANY, LLC,<br><br>      Defendant. | Civil Action No.<br>24-11214-NMG |

MEMORANDUM & ORDER

GORTON, J.

    Pending before the Court is plaintiff's motion to vacate the dismissal of this action (Docket No. 27). The Court previously dismissed the case without prejudice due to its lack of subject matter jurisdiction. Plaintiff now seeks to reopen the case and file an amended complaint which, she claims, cures the deficiencies in her original pleading. The proposed amended complaint does not do so. The motion will therefore be denied.

    Plaintiff's original complaint did not satisfy her burden of demonstrating that this Court has subject matter jurisdiction over the controversy. See PSC 2000 LP v. Romulus Telecomms., Inc., 148 F.3d 32, 35 (1st Cir. 1998) ("It is black-letter law that jurisdiction must be apparent from the face of the

plaintiff's pleading."). Plaintiff asserted that the Court was sitting in diversity but failed to establish complete diversity of citizenship between the parties, as required under 28 U.S.C. § 1332. Specifically, plaintiff identified a state of incorporation and principal place of business for defendant The Ritz-Carlton Hotel Company, LLC ("the Ritz-Carlton" or "defendant"). However, as the name indicates, defendant is not a corporation, but rather a limited liability company ("LLC"). Unlike a corporation, the citizenship of an LLC is not determined by a state of "incorporation" (of which there is none) or by the principal place of business but rather by the domiciles of its individual members. Pramco, LLC v. San Juan Bay Marina, Inc., 435 F.3d 51, 54 (1st Cir. 2006).

The proposed amended complaint now identifies defendant's members, four of which are corporations and one of which is limited partnership. It also identifies the states of which each member is a "resident." Those changes alone, however, do not cure the jurisdictional deficiency.

For defendant's corporate members, mere allegations of "residency" are not sufficient to establish citizenship, even if the term is interpreted to indicate a member's "principal place of business." A complaint must allege both the state of incorporation and the principal place of business of a

corporation to establish its domicile. Celli v. Greenwich Ins. Co., 478 F. Supp. 3d 93, 95-96 ("A corporation's citizenship, for diversity jurisdiction purposes, is both the state where it is incorporated and the state where it has its principal place of business."); McGlynn v. Emps. Com. Union Ins. Co. of Am., 386 F. Supp. 774, 777 (D.P.R. 1974) (remarking that a plaintiff "does not have a choice of alleging the place of incorporation or the principal place of doing business" to establish corporate citizenship).

Moreover, the principal place of business of the "member," MI Holding, L.P. ("MI Holding") has no bearing on its citizenship. MI Holding, like the Ritz-Carlton, is an unincorporated entity. As such, plaintiff must conduct the same citizenship analysis as for defendant, namely, identifying the members of MI Holding and their respective citizenships. See D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra, 661 F.3d 124, 126 ("If even one of [a party's] members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered.").

This Court has already afforded plaintiff's counsel two opportunities to cure the deficiencies in the complaint. He has failed to do so both times. While a district court should

"freely give leave [to file an amended complaint] when justice so requires," Fed. R. Civ. P. 15(a)(2), that does not require multiple re-dos. Acosta-Mestre v. Hilton Int'l of Puerto Rico, Inc., 156 F.3d 49, 51 (1st Cir. 1998). Courts have not infrequently denied leave to amend and dismissed an action with prejudice when a party "repeated[ly] fail[s] to cure deficiencies by amendments previously allowed." Forman v. Davis, 371 U.S. 178, 182 (1962); see, e.g., Kerr v. City of Attleboro, No. 23-13045-NMG, 2024 WL 4859013, at *2 (D. Mass. Nov. 20, 2024); Tr. Safe Pay, LLC v. Dynamic Diet, LLC, No. 17-10166-MPK, 2018 WL 3614799, at *8 & n.4 (D. Mass. July 27, 2018); U.S. ex rel. Gagne v. City of Worcester, No. 06-40241-FDS, 2008 WL 2510143, at *5 n.5 (D. Mass. June 20, 2008), aff'd 565 F.3d 40 (1st Cir. 2009); Suna v. Bailey Corp., No. CV-94-273-M, 1995 WL 806824, at *5 (D.N.H. Dec. 29, 1995), aff'd 107 F.3d 64, 66 (1st Cir. 1997).

This Court will grant plaintiff's counsel one final opportunity to amend the complaint. If, however, counsel fails to follow this Court's explicit directions, the action will be dismissed with prejudice. The Court is obligated to exercise its case management function responsibly, not to "allow plaintiffs an endless number of trips to the well," Aponte-Torres v. Univ. of Puerto Rico, 445 F.3d 50, 58 (1st Cir. 2006),

or to educate counsel on the basic rules of civil procedure, Rowayton Venture Grp. LLC v. McCarthy, No. 19-12240-FDS, 2020 WL 6136377, at *3 (D. Mass. Oct. 19, 2020) (the Court does not sit as a "sort of 'super-lawyer,'" to correct counsel's inability to establish jurisdiction).

## ORDER

For the reasons set forth above, plaintiff's motion (Docket No. 27), which the Court treats as a motion for leave to amend, is **DENIED** without prejudice.

**So ordered.**

                                                    /s/ Nathaniel M. Gorton
Nathaniel M. Gorton
United States District Judge

Dated: April 28, 2025